# United States District Court
# Eastern District of California

| | |
|---|---|
| DAVID A. ELLIOTT, | 09-CV-02199 TJH |
| Petitioner, | |
| v. | |
| | Order |
| JAMES A. YATES, *et al*., | |
| Respondents. | |

A jury acquitted Petitioner for the crimes of lewd and lascivious acts with a child under age fourteen and misdemeanor battery, but found Petitioner guilty of the lesser included offense of misdemeanor assault, and of one count of first degree burglary. In a bifurcated trial, the jury also found the following allegations to be true: That Petitioner had suffered three strike priors; That Petitioner had suffered two prior serious felony convictions; and That Petitioner had served a prior prison term. The court sentenced Petitioner to an aggregate term of twenty-five years to life plus ten years. The California Court of Appeal affirmed the conviction, and the California Supreme Court denied review. The trial court, state appellate court, and state supreme court denied Petitioner's subsequent *habeas* petitions.

. . . . . . .

In his current petition for *habeas* relief, Petitioner asserts that the trial court:

1.   Unreasonably determined that there was sufficient evidence that Petitioner entered the motel room with the specific intent to commit a felony, and that the victim's family inhabited the motel room, violating Petitioner's Fifth, Sixth, and Fourteenth Amendment rights;

2.  Erred in admitting evidence of the 1995 incident where a woman awakened to find Petitioner standing naked by the couch on which she was napping, because admission of that evidence was untimely, not similar to the charged offense, and had no probative value, violating Petitioner's Fifth, Sixth, and Fourteenth Amendment rights;

3.  Erred in excluding the evidence Petitioner sought to admit under the rule of completeness, violating Petitioner's Fifth, Sixth, and Fourteenth Amendment rights;

4.   Erred in using Petitioner's prior conviction from a 1988 plea agreement to impose a sentence of twenty-five years to life, violating Petitioner's Fifth, Sixth, and Fourteenth Amendment rights;

5.  Erred in rejecting Petitioner's claim that trial counsel was ineffective for failing to seek "specific performance" of the terms of his prior plea agreement, violating Petitioner's Sixth Amendment rights; and

6.  Erred when it imposed a proscribed dual use of Petitioner's prior convictions by sentencing him under both the Three Strikes law and for two determinate, five-year terms under California Penal Code section 667(a), violating Petitioner's Eighth Amendment rights.

The petition is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S. Ct. 2059, 2063, 138 L. Ed. 2d 481, 488 (1997).  Under the AEDPA, a federal court may not grant a writ of *habeas corpus* unless the state court's adjudication was either: 1) Contrary to,

or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or 2) Based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding. 28 U.S.C. § 2254(d)(1-2). Petitioner has not demonstrated that he is entitled to relief under this standard.

Petitioner's first claim fails under the AEDPA. Where there is an evidentiary basis for the jury's verdict, the jury is free to discard or disbelieve whatever facts are inconsistent with its conclusion. *Lavender v. Kurn*, 327 U.S. 645, 653, 66 S. Ct. 740, 744, 90 L. Ed. 916, 923 (1946). Here, the jury chose to rely on the evidence favorable to the prosecution. The evidence included, *inter alia*: Petitioner's admission that he entered the motel room through a window; that once inside the room, and without announcing Petitioner's presence or turning on a light, Petitioner went to the bed where the children were sleeping; the Victim's parent's testimony that once her eyes adjusted to the dark room when she awoke, she could see the children in bed, details of the bed, and a figure stand up and exit the room; that Petitioner had no trouble exiting the room through the door when the victim's parent awoke; and the victim's testimony that the figure pulled down his covers, pulled down the victim's pajama bottoms, and improperly touched the victim's genitals. It is clear that there is sufficient evidence on which the jury could rely to find that Petitioner entered the dwelling with the intent to engage in an activity proscribed by Cal. Penal Code § 288. The conviction for the lesser included offense of misdemeanor assault does not disturb the satisfaction of the intent element of the burglary conviction.

Petitioner's second claim fails. There is no clearly established Supreme Court precedent that provides *habeas* relief for specific errors in evidence admitted pursuant to California law. Under the AEDPA, the only justification for granting *habeas* relief for errors in admission of evidence is when that admission renders the trial so unfair that it violates due process. *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). First, the trial court did not abuse its discretion when it chose not to exclude the evidence

1 of Petitioner's prior uncharged sexual incident where the victim awoke to find Petitioner

2 standing naked by the couch on which she reclined. The trial court may, in its discretion,

3 choose a different sanction other than excluding evidence. Second, the trial court did not

4 abuse its discretion in finding that the prior sexual incident was similar to the charged

5 conduct. In the prior uncharged incident and the charged incident, the Petitioner entered

6 the dwelling of a sleeping acquaintance, engaged in arguably sexual behavior, and then

7 apologized to the acquaintance thereafter. Third, that evidence was highly probative of

8 Petitioner's intent. What little emotional bias that evidence contained was clearly

9 outweighed by its probative value of showing the jury the absence of mistake and intent.

10 Thus, the evidence was properly admitted and did not render the trial fundamentally

11 unfair.

12     Petitioner's third claim fails. The trial court's exclusion of Petitioner's proffered

13 Cal. Evid. Code § 356 completeness evidence was not an abuse of discretion and did not

14 render the trial fundamentally unfair. The evidence Petitioner moved to be admitted was

15 self-serving hearsay without an exception, and had little to no bearing on the

16 prosecution's evidence the Court admitted. Thus, Petitioner's evidence was not within

17 the ambit of the completeness rule. Although a criminal defendant has the right to

18 present competent evidence in his defense, a court may properly exclude evidence so

19 long as the exclusion does not deprive a defendant of due process. *Montana v. Egelhoff*,

20 518 U.S. 37, 51-53, 116 S. Ct. 2013, 2021-22, 135 L. Ed. 2d 361, 372-74 (1996). This

21 evidence was not competent, and exclusion of such was not an unreasonable application

22 of any Supreme Court precedent.

23     Petitioner's fourth claim fails. He contests the state court's decision to reject his

24 challenge to the validity of his 1988 felony convictions, claiming that when he entered

25 into a plea agreement, he did not fully understand the terms of the plea, and,

26 consequently, use of these prior convictions to enhance his sentence violated his due

27 process rights. Petitioner argues that the terms of the plea agreement guaranteed that his

28 convictions would not be used in the future if he suffered further felony convictions. By

1    accepting the agreement, he understood that he would receive an enhanced sentence of

2    five years, and not a life or death sentence.  When Petitioner was subsequently convicted

3    of another offense, the state court accounted for his two prior convictions, including the

4    1988 felony conviction, and sentenced him to twenty-five years to life, pursuant to

5    California's Three Strikes law, Cal. Penal Code § 667(e).

6        Petitioner's claim is barred.  A state conviction is no longer open to direct or

7    collateral attack in its own right because the defendant failed to pursue state remedies

8    while they were available or because the defendant did so unsuccessfully; the conviction

9    may be regarded as conclusively valid, and if that conviction is later used to enhance a

10   criminal sentence, the defendant generally may not challenge the enhanced sentence

11   through a federal *habeas* petition on the ground that the prior conviction was

12   unconstitutionally obtained.  *Lackawanna County District Attorney v. Coss*, 532 U.S.

13   394, 402, 121 S. Ct. 1567, 149 L. Ed. 2d 608, 617 (2001).  However, *Lackawanna*

14   provides an exception: "where there was a failure to appoint counsel in violation of the

15   Sixth Amendment." *Lackawanna*, 532 U.S. at 404.  Neither has Petitioner claimed nor

16   does the record show that Petitioner was not appointed counsel.  Accordingly, the

17   *Lackawanna* exception does not apply.  The state court decision did not violate clearly

18   established law.

19       Petitioner has, also, failed to prove that the state court rejection of his claim was

20   based on an unreasonable determination of the facts.  The record does not support

21   Petitioner's claim that his current sentence violates any particular term of his plea

22   agreements.  Nothing in the record indicates the prosecution induced or made any

23   promises regarding future sentences in the plea agreement.  The state court considered

24   circumstances surrounding the current offenses, the nature of Petitioner's twenty-year

25   criminal history, the lack of mitigating factors, and observed that Petitioner's crimes

26   were not "minor prior crimes."  Based on the evidence presented to the state court, it was

27   reasonable for it to reject Petitioner's claim that the plea agreement for his 1988

28   convictions was invalid, and subsequently use those convictions to enhance the sentence

1  for his current offense under the Three Strikes law.

2       Petitioner's fifth claim fails.  He argues that the state court erroneously rejected

3  Petitioner's argument that trial counsel was ineffective for failing to seek "specific

4  performance" of the terms of his prior plea agreement for his 1988 offenses, alleging that

5  trial counsel had a duty to discover the terms of the plea agreement and demand that the

6  effect of the prior conviction should be limited to a present five-year enhancement.  A

7  court deciding an ineffectiveness claim must judge the reasonableness of counsel's

8  challenged conduct on the facts of the particular case, viewed at the time of counsel's

9  conduct and should recognize that counsel is strongly presumed to have rendered

10 adequate assistance and made all significant decisions in the exercise of reasonable

11 professional judgment. *Strickland v. Washington*, 466 U.S. 690, 104 S. Ct. 2052, 2066,

12 80 L. Ed. 2d 674, 695 (1984).  When a convicted defendant complains of ineffective

13 assistance of counsel, the defendant must show that counsel's representation fell below

14 an objective standard of reasonableness.  *Strickland*, 466 U.S. at 687-88.  Further, the

15 defendant must show that there is a reasonable probability that, but for counsel's

16 unprofessional errors, the result of the proceeding would have been different.  A

17 reasonable probability is a probability sufficient to undermine confidence in the outcome.

18 *Strickland*, 466 U.S. at 694.  Also, an attorney need not pursue an investigation that

19 would be fruitless, much less one that would be harmful to the defense.  *Harrington v.*

20 *Richter*, __ U.S. __, 131 S. Ct. 770, 789-790, 178 L. Ed. 2d 624, 645 (2011).

21      Petitioner has not shown that trial counsel's alleged misconduct was objectively

22 unreasonable or that there was a reasonable probability that the result would have been

23 different had trial counsel further investigated the prior plea agreement.  As previously

24 noted, the record does not support Petitioner's claim that his current sentence violates

25 any particular term of the plea agreement of his 1988 offense.  Nothing in the record

26 indicates the prosecution induced or made any promises regarding future sentences in the

27 plea agreement.  Thus, it was objectively reasonable for his counsel not to investigate the

28 plea agreement.  Accordingly, Petitioner's fifth claim fails.

1    Petitioner's sixth claim fails.  He claims that the state court violated his Eighth
2    Amendment rights by imposing a proscribed dual use of his prior convictions when it
3    sentenced him under both the Three Strikes law and for two determinate five-year terms
4    under California Penal Code Section 667(a), which proscribes a five-year enhancement
5    for any prior serious felony.  Further, section 667(e) provides that, upon a defendant's
6    "third strike," the term for the current felony convic-tion shall be an indeterminate term
7    of life imprisonment with a minimum term of the determinate sentence.  There is no
8    Supreme Court precedent that clearly prohibits the dual use of prior convictions for
9    sentencing.  As a result, the state court's determination was not contrary to any clearly
10   established Supreme Court precedent.

11       The Supreme Court has held, however, that legislatures, not courts, proscribe the
12   scope of punishments.  *Missouri v. Hunter*, 459 U.S. 359, 368-69, 103 S. Ct. 673, 679,
13   74 L. Ed. 2d 535, 543 (1983).  California courts have concluded that the legislature has
14   intended that a defendant's sentence under the three strikes law should include a doubled
15   term or life term, as appropriate under section 667(e), plus an enhancement under section
16   667(a) for each prior serious felony conviction.  *People v. Cartwright*, 39 Cal. App. 4th
17   1123, 1138-39, 46 Cal. Rptr. 2d 351, 359 (1995).  Thus, the state court was not precluded
18   in using the same prior conviction both as a "strike" and as an sentence enhancement.

19       Moreover, the decision to sentence Petitioner under both codes was not based on
20   an unreasonable determination of the facts.  As stated above, California law has speci-
21   fically upheld the propriety of such a sentencing scheme, under which a prior serious
22   felony conviction may be used for both an enhancement of sentence and to impose a
23   higher sentence under three strikes law.  There was, also, sufficient evidence to support
24   the state court's decision to uphold Petitioner's two prior convictions as serious felonies
25   (his "two strikes"), and to ultimately sentence him to a twenty-five year to life with two
26   five-year term enhancements upon commission of his "third strike."   The record
27   supports the jury finding in a separate trial that Petitioner was, in fact, convicted of two
28   serious prior offenses.   The record, also, demonstrates  that those prior offenses

1   warranted sentence enhancements.  The state court  considered numerous factors and

2   determined that, because Petitioner's prior offenses were not minor,  Petitioner should

3   be treated within the sentencing scheme for three strikes. Thus, the trial court's decision

4   was based on a reasonable determination of the facts.  Petitioner's final claim fails.

5

6        It is Ordered that the petition for writ of *habeas corpus* be, and hereby is,

7   Denied.

8

9   Date:  December 19, 2012

10

11                                        Terry J. Hatter, Jr.

12                                        Senior United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28